UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Deutsch Bank National Company, *as Trustee under Pooling and Servicing Agreement dated as of January 1, 2007 securitized asset backed receivables LLC Trust 2007-HE1*, | C/A No.4:15-600-RBH-KDW |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| Todd Brader; and Mortgage Electronic Registration System, Inc., *as nominee for WMC Mortgage Corp., its successors and assigns (MIN # 100136300117035336)*, | |
| Defendants. | |

On December 31, 2012, Plaintiff Deutsch Bank National Company ("Plaintiff" or "Bank")[1] filed a Lis Pendens, Summons, and Complaint for Foreclosure in the Court of Common Pleas of Horry County, South Carolina, against Defendant Todd Brader ("Defendant" or "Brader"). State Court Civil Action No. 2012-CP-26-9981. Compl., ECF No. 1-1. Brader removed the matter to this court on February 10, 2015. ECF No. 1. This matter is before the court on Bank's Motion to Remand, ECF No. 22, to which Brader responded, ECF No. 28. Also pending is Brader's Motion for Summary Judgment, ECF No. 35, to which Bank responded, ECF No. 38, and to which Brader provided a Reply, ECF No. 40. All pretrial proceedings in this case were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule

---

[1] The additional information regarding the name of Plaintiff and Defendant Mortgage Electronic Registration Systems, Inc., are derived from the state-court Civil Action Coversheet. ECF No. 1-1 at 3.

73.02(B)(2)(e) (D.S.C.).[2] Having reviewed the pleadings, including Brader's removal documents, and the memoranda of the parties supporting and opposing the Motion to Remand, the undersigned recommends Bank's Motion to Remand, ECF No. 22, be granted, and that Brader's Motion for Summary Judgment, ECF No. 35, be denied without prejudice.

I.      Background

In considering Bank's Motion for Remand, the following dates and information are instructive:

December 31, 2012:          Bank filed foreclosure suit and lis pendens in state court in Horry County, South Carolina. *See* ECF No. 1-1. The relief sought under South Carolina law includes declarations regarding the note and mortgage at issue, appointment of a receiver, a court-directed sale of the subject property, an order directing the Sheriff of Horry County, South Carolina, to place the successful purchaser in possession, fees, costs, and "other and further relief as may be just and proper." *Id.* at 10-11. Under South Carolina law, a foreclosure action is an action in equity. *See Gardner v. Travis*, 450 S.E.2d 54, 56 (S.C. Ct. App. 1994).

---

[2] The Fourth Circuit has not directly addressed the question of whether consideration of remand is a nondispositive pretrial matter within the scope of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing a report and recommendation for the district court's review)"). However, the circuit courts that have considered the issue have concluded that magistrate judges lack authority to issue orders, rather than recommendations, regarding remand. *See, e.g., Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008) (following the Tenth, Sixth, and Third Circuits in so concluding). In addition, at least one published opinion in this district has addressed this issue and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992) ("[A] remand order is the equivalent of a dismissal. The Magistrate's Order thus sought to effect an 'involuntary dismissal' of the action.") (quoting *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 152 (D.N.J. 1990)); *see also Mortgage Elec. Registration Sys., Inc. v. Hunt*, 6:07-1763-HMH, 2007 WL 2220403, *3 (D.S.C. July 30, 2007) (unpublished opinion collecting cases and finding report and recommendation appropriate when considering remand). Accordingly, out of an abundance of caution, the undersigned enters this Report and Recommendation for the consideration of the district judge.

January 13, 2015:   Bank provided hearing notice to Brader, indicating the Horry County Master in Equity set a hearing on Bank's Motion for Summary Judgment in foreclosure action for February 12, 2015. *See* ECF No. 1-2.[3]

February 10, 2015:   Brader removed the pending foreclosure matter to this court. ECF No. 1. Attached to the Notice of Removal is a copy of the state-court foreclosure action (Lis Pendens, Summons, Complaint, and associated administrative paperwork) and a Notice of Hearing on a Motion for Summary Judgment that Bank apparently filed in that action.[4] ECF No. 1-1. The record before this court does not include any filings Brader may have made during the years this matter was pending in Horry County. The state-court pleadings themselves are not accessible on-line; however, review of the available information regarding "actions" in the matter, indicates the only item filed by Brader was an Affidavit of Service on January 10, 2013. *See* http://publicindex.sccourts.org/Horry/PublicIndex/CaseDetails.aspx?County=26&CourtAgency=26002&Casenum=2012CP2609981&CaseType=V (last visited Oct 23, 2015).

Online records of the Horry County Court of Common Pleas indicate[5] 2012-CP-26-9981 is a "pending" foreclosure action and list the February 10, 2015 removal to district court as the most recent action in the matter. *See* http://publicindex.sccourts.org/Horry/PublicIndex/CaseDetails.aspx?CourtAgency=26003&Casenum=2012CP2609981&CaseType=V;      *see also* http://publicindex.sccourts.org/Horry/PublicIndex/CaseDetails.aspx?County=26&CourtAgency=26002&Casenum=2012CP2609981&CaseType=V (last visited Oct. 23, 2015).

February 23, 2015:   Brader submitted "Additions to Notice of Removal," including a memorandum indicating, *inter alia*, that he had been present and prepared to appear at a foreclosure hearing in the state-court matter on February 10, 2014, but noting Bank had canceled the hearing on February 10, 2014, "allegedly due to lack of preparation thereby unnecessarily prolonging this dispute," and claiming this violated his due process rights under the Fourteenth

---

[3] In his Notice of Removal, Brader indicates Bank filed the Horry County Court of Common Pleas action "on or about January 13, 2015[.]" ECF No. 1 at 1. However, the state-court pleadings provided include the Lis Pendens, Summons, and Complaint filed against him on December 31, 2012. ECF No. 1-1.

[4] The documents in this court's record do not include a copy of Bank's Motion for Summary Judgment itself. If the court retains jurisdiction over this litigation, Bank and Brader will be provided an opportunity to renew any appropriate motions and/or to make them anew in this venue.

[5] The court may take judicial notice of matters of public record, including the public records regarding the Horry County Fifteenth Judicial Circuit Public Index. *See generally Int'l Ass'n of Machinists & Aerospace Workers v. Haley,* 832 F. Supp. 2d 612, 622 (D.S.C. 2011) ("The Court may take judicial notice of matters of public record . . . ."), *aff'd,* 482 F. App'x 759 (4th Cir.2012); *cf. Davis v. Richland Cnty.,* No. 4:12–CV–3429–RMG, 2013 WL 5797739, at *2 n.1 (D.S.C. Oct. 24, 2013) (taking judicial notice of a plaintiff's arrest records because they were available on the Richland County Fifth Judicial Circuit Public Index), *adopted by* 2013 WL 6068880 (D.S.C. Nov. 18, 2013).

Amendment of the United States Constitution. ECF No. 9 at 2. Brader also includes additional information and argument as to a prior Horry County Court of Common Pleas foreclosure matter between him and Bank (2010-CP-26-0890). *See* ECF No. 9 and attachments thereto.

<u>April 3, 2015</u>:     Bank filed the instant Motion to Remand.

II.     Analysis

    A.  Motion for Remand, ECF No. 22

Bank argues this case should be remanded to the Horry County Court of Common Pleas because there is no basis for federal jurisdiction because only state-law relief is sought. Bank also briefly notes the matter was not timely removed, nor was it properly removed by Plaintiff, a resident of the South Carolina forum. ECF No. 22-1.

    1.  Removal Jurisdiction

Federal courts are courts of limited jurisdiction. A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441(a) (A civil action may be removed from state court only if the case involves matters over which "the district courts of the United States have original jurisdiction . . . ."). Generally, a case can be originally filed in a federal district court if there is diversity of citizenship and over $75,000 at issue under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.

Further, civil actions not involving a federal question "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Pursuant to 28 U.S.C. § 1446, "[t]he notice of removal . . . shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). Section 1446(b) continues:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Title 28, United States Code § 1447(c) governs the remand to state court of removed actions, and provides in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994). "In determining whether the removing party sustained its burden, the court must strictly construe the removal statute and resolve all doubts against removal." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941). *See also RBS Fin. Prods., Inc. v. Davis*, No. 2:15-CV-0318 DCN, 2015 WL 3397940, at *2 (D.S.C. May 26, 2015) (strictly construing pro se defendant's removal papers and remanding state-court foreclosure action because, *inter alia*, pro se defendant did not satisfy burden of establishing appropriate federal jurisdiction).

    2.   Federal-Question Jurisdiction, 28 U.S.C. § 1331

Brader removed the 2012 foreclosure action pending against him (2012-CP-26-9981) on February 10, 2015, two days before Bank's Motion for Summary Judgment was set to be considered by the Horry County Master in Equity. Although Brader's Notice indicates the removed suit had been filed "on or about January 13, 2015," review of the provided state-court documents make it clear that is the date on which Bank sent Brader notification of the hearing set

5

for February 12, 2015. *See* ECF No. 1 at 1 and No. 1-2 at 1-5.[6] In Brader's pro se Notice of Removal, he sets out several "federal questions" on which he submits this court has jurisdiction. ECF No. 1. In particular, Brader first submits the foreclosure matter includes "[f]ederal questions involving misuse of Federal funds." ECF No. 1. at 1-2 (citing to federal "HAMP" guidelines concerning loan modification" and alleging Plaintiff did not follow those guidelines). Brader also submits federal questions exist regarding violation of the "FTC Fair Debt Collection Practices Act Section 808." *Id.* at 2.

In seeking remand, Bank argues no federal-question jurisdiction exists in that the foreclosure action is based solely on South Carolina law and the state-court Complaint includes no claims under federal law. ECF No. 22-1 at 2-3. Bank further submits federal-question jurisdiction is not established by the removing party's defenses based on federal laws. *Id.*

In his Notice of Removal, Brader submits federal questions exist in this foreclosure action based on federal laws regarding mortgage modifications (such as HAMP) and violation of the federal Fair Debt Collection Practices Act. ECF No. 1 at 1-2. Brader references these violations in connection with "Plaintiff's loan servicer (Ocwen Loan Servicing LLC.)."[7] *Id.* at 1.[8]

---

[6] Brader submits that the Bank's filing of a motion to replace plaintiff (apparently filed in the state-court action) "constitutes an amendment to the suit allowing thirty days to file a Notice to Remove to Federal Court." ECF No. 9 at 1. As the court's recommendation does not turn on the timeliness of Brader's removal, this brief argument need not be considered herein.

[7] Ocwen Loan Servicing ("Ocwen") is not a named party in this removed litigation. The court notes that Brader references Ocwen as being an "indispensable third party" in Motion for Summary Judgment pending before this court. ECF No. 40 at 2.

[8] On February 23, 2015, Brader submitted a document captioned "Additions to Notice of Removal" that includes "factual allegations" in which Brader essentially sets out facts relative to Bank's actions in the pending foreclosure proceeding and a prior proceeding. ECF No. 9. In this filing, Brader again argues the court has "original jurisdiction" and he asserts that his federal constitutional due process rights have been violated. *Id.* To the extent this document is considered, the court notes that neither it nor his initial Notice of Removal, ECF No. 1, is a

In his short opposition to the Motion to Remand, Brader seems to argue federal jurisdiction exists because "Ocwen Loan Servicing entered into a contract with the United States Government, thereby binding the Plaintiff (bound by power of attorney and responsible for actions thereof) to the same contract as agents of the United States Government." ECF No. 28.

The court agrees with Bank that no federal-question jurisdiction has been established in this case. The so-called well-pleaded complaint rule provides that federal-question jurisdiction is present only if presented on the face of a properly pleaded complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Cook v. Georgetown Steel Corp.,* 770 F.2d 1272, 1274 (4th Cir. 1985) (removal jurisdiction cannot be found in defenses to the state court complaint). That Brader might have raised or might have been able to raise a defense to the foreclosure action based on a federal statute or on a constitutional amendment does not provide federal-question jurisdiction when, as here, the state-court complaint does not include claims based on federal statutes or federal constitutional amendments. *See Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808 (1986); *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 914–15 (6th Cir. 2007); *CitiMortgage, Inc. v. Corbitt*, No. 5:15-CV-00100-JMC, 2015 WL 545336, at *3 (D.S.C. Feb. 10, 2015); *Deutsche Bank Nat. Trust Co. v. Lovett*, No. CA 3:12-1819-MBS-SVH, 2012 WL 7070324, at *4 (D.S.C. Aug. 24, 2012) *report and recommendation adopted,* No. 3:12-CV-1819-JFA, 2013 WL 528759 (D.S.C. Feb. 11, 2013). Here, the Complaint unquestionably is based on purely state law. *See* ECF No. 1-1 at 8-11. Brader's statements and arguments regarding federal laws concerning mortgage modifications (such as HAMP) and violation of the

---

pleading, *cf.* Federal Rule of Civil Procedure 7(a), and is not considered to have set out affirmative claims or counter-claims against Bank or any third party.

federal Fair Debt Collection Practices Act and regarding hypothetical jurisdiction over a third party such as Ocwen do not create federal-question jurisdiction.

The court must also consider whether it has diversity jurisdiction over the removed matter.

### 3. Diversity jurisdiction, 28 U.S.C. § 1332

In addition to setting out the above-discussed "federal questions" as grounds for removing the foreclosure matter, Brader's Notice arguably asserts diversity-of-citizenship jurisdiction. *See* ECF No. 1 at 1-2. In a paragraph that seems to conflate federal-question and diversity-of-citizenship jurisdiction, Brader's Notice of Removal includes the following:

#### Jurisdiction and Venue

> The above described action is one of which this court has original jurisdiction under the provisions of Title 28, United States Code, section 1332, and is removable to this court pursuant to the provisions of Title 28, United States Code, section 1441, in that it is a civil action wherein there exist[s] federal question (sic) and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

ECF No. 1 at 2. The Notice of Removal continues by indicating Bank is a "corporation organized under the laws of the State of New York with its principal place of business in New York, New York." *Id.* at 3. Further, Brader submits that "[t]he defendant alleges in the complaint that he is entitled to compensatory damages from the plaintiff in an amount in excess of Seventy Five Thousand Dollars $75,000.00 for mental anguish." *Id.* Brader's Notice itself does not indicate his citizenship, nor does it reference Co-Defendant Mortgage Electronic Registration System, Inc. ("MERS").[9]

---

[9] The court notes that MERS is an entity that electronically tracks ownership interests in residential mortgages for lenders. *See generally Jackson v. Branch Banking & Trust Co.*, No. CV TDC-14-3155, 2015 WL 6001810, at *3 (D. Md. Oct. 13, 2015). In Bank's foreclosure

In its Motion to Remand, Bank does not question whether diversity exists, whether the amount in controversy is sufficient, or whether Brader's Notice of Removal sets out facts sufficient to establish the requisite diversity of citizenship and amount in controversy required to establish jurisdiction pursuant to 28 U.S.C. § 1332. Nonetheless, the undersigned notes that Defendant's Notice of Removal does not, on its face, set out information sufficient to establish the existence of jurisdiction under § 1332, and a district court may *sua sponte* remand a case to state court if federal jurisdiction is lacking. *See CitiMortgage, Inc. v. Corbitt*, No. 5:15-CV-00100-JMC, 2015 WL 545336, at *2 (D.S.C. Feb. 10, 2015); *Deutsche Bank Nat. Trust Co. v. Abraham*, No. C/A 1:10-1954-MBS-JR, 2010 WL 3609373, at *2 (D.S.C. Aug. 18, 2010) *report and recommendation adopted,* No. C/A 1:10-1954-MBS, 2010 WL 3609369 (D.S.C. Sept. 10, 2010) ("[S]ubject-matter jurisdiction cannot be conferred by estoppel, waiver, or consent.").

First, Brader does not set out any information regarding his own citizenship or the citizenship of co-Defendant MERS. The only reference he makes to citizenship is that Bank is incorporated under New York laws and has its principal place of business in New York, New York. ECF No. 1 at 3. Very recently, a judge in this District remanded a matter because the removing defendant did not fully set out its citizenship. *See Bishop v. Liberty Mut. Ins. Co.*, No. 2:15-CV-2076-PMD, 2015 WL 6163246, at *1 (D.S.C. Oct. 19, 2015) (finding no subject-matter jurisdiction and granting plaintiff's motion to remand because sole defendant had not set out information regarding its citizenship—noting defendant was to have included both its state of

---

Complaint, it indicates MERS may have an "interest in or lien upon the premises covered by the Mortgage set forth above, or some part thereof . . . ." ECF No. 1-1.

     Although not raised by Bank, MERS did not join Brader's Notice of Removal as required by the rule of unanimity. That failure is procedural and waivable, however. *See Payne v. Estate of Calzada,* 439 F.3d 198, 203 (4th Cir. 2006) (noting failure of all defendants to consent to removal is not jurisdictional).

incorporation and its principal place of business). Here, when considering record information other than the Notice of Removal, the court can discern sufficient information as to Brader's citizenship. *See* ECF No. 1-3 (Brader's filing letter, indicating a Loris, South Carolina address). The only information of record regarding the citizenship of MERS, though, is that Bank sent a "Notice of Hearing" to MERS at a Danville, Illinois address. ECF No. 1-2 at 5. That MERS received mail in Illinois does not provide the detailed information needed to determine whether complete diversity, and therefore, subject-matter jurisdiction, exists. *Bishop,* 2015 WL 6163246, at *1. Accordingly, remand is appropriate, and the court need not consider in detail the amount-in-controversy issue.

In any event, the undersigned notes that Plaintiff's statement regarding the amount-in-controversy requirement simply is inaccurate. *See* ECF No. 1 at 3 ("The defendant alleges in the complaint that he is entitled to compensatory damages from the plaintiff in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) for mental anguish."). The only Complaint in this matter is Bank's, not Brader's. *See* ECF No. 1-1. Nothing in this court's record in this removed matter includes any sort of claim for emotional distress or other damages by Brader.[10]

> The undersigned is mindful of Brader's pro se status. Nonetheless,
>
> [t]he burden of demonstrating jurisdiction resides with "the party seeking removal." *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 816 (4th Cir. 2004) (citing *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994)). District courts are obliged to construe removal jurisdiction strictly because of the "significant federalism concerns" implicated. *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Therefore, "[i]f federal jurisdiction

---

[10] When the actual foreclosure Complaint is considered, the court notes there is an amount in controversy of over $75,000.00 in that the principal amount due as to the note associated with the mortgage at issue was in excess of that amount as of June 1, 2009. *See* ECF No. 1-1 at 10. Brader's reference to "defendant's complaint" and emotional damages further indicates his removal is focused on his own conjectural defenses to the foreclosure action.

> is doubtful, a remand [to state court] is necessary." *Dixon,* 369 F.3d at 816; *see also Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 425 (4th Cir. 1999) ("'[C]ourts should 'resolve all doubts about the propriety of removal in favor of retained state court jurisdiction.'" (quoting *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir. 1993))).

*Bishop,* 2015 WL 6163246, at *1. *RBS Fin. Prods.*, 2015 WL 3397940, at *2 (granting remand of pro se removal). The failure to include all citizenship information and to include accurate information regarding the amount in controversy is fatal to Brader's remand attempt. The court could grant Bank's Motion to Remand and cede jurisdiction over this action based on Brader's failure to satisfy specifically the requirements of jurisdiction based on 28 U.S.C. § 1332. Given the requirement that courts strictly construe removal and jurisdictional requirements, *Shamrock Oil*, 313 U.S. at 108-09, the undersigned recommends that Bank's Motion to Remand be *granted* and this foreclosure action be returned to Horry County's courts.

In making this recommendation, however, the undersigned notes that, while Brader's Notice of Removal is deficient, there is information in the record before the court that provides *some* information regarding the citizenship of MERS and the jurisdictional amount. In the event, the district court finds the Notice of Removal and associated documents combine to set forth information sufficient to establish subject-matter jurisdiction pursuant to 28 U.S.C. § 1332, the undersigned considers Bank's additional arguments set forth in its Motion to Remand.

Bank seeks remand based on Plaintiff's failure to remove this matter within 30 days of his being served with the December 31, 2012 foreclosure action and on the fact that Brader resides in the forum state. ECF No. 22-1 (citing 28 U.S.C. § 1446(b)(1)). In response, Brader argues Bank's Motion to Remand should be dismissed because, *inter alia*, it was not timely filed. ECF No. 28.

11

Clearly, Bank is correct that Brader's Notice of Removal, filed approximately three years after Bank served the foreclosure action, is untimely. However, objection to an untimely removal by a defendant is a waivable defense when a federal district court otherwise would have subject-matter jurisdiction. In other words, if the federal court has jurisdiction, based either on a federal question or diversity of citizenship, the state court plaintiff has only 30 days after the notice of removal is filed in which to file a motion to remand. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). If the state court plaintiff does not file a motion to remand within such 30-day period, it waives all procedural defects in the removal. *See In re Shell Oil Co.,* 932 F.2d 1523, 1527 & nn.6-7 (5th Cir. 1991); *see PHH Mortgage Corp. v. Singletary*, No. CA 2:12-2916-MBS-BHH, 2012 WL 6761336, at *2 (D.S.C. Dec. 7, 2012) *report and recommendation adopted,* No. CA 2:12-2916-MBS, 2013 WL 30148 (D.S.C. Jan. 3, 2013) (finding plaintiff bank had waived argument that removal was untimely because remand motion was not filed within 30 days of removal); *Bank of Am. v. Weston*, No. CA 2:11-468-RMG-BHH, 2011 WL 1630923, at *2 (D.S.C. Mar. 23, 2011) *report and recommendation adopted,* No. 2:11-CV-00468-RMG, 2011 WL 1630354 (D.S.C. Apr. 29, 2011) (same).

As Brader correctly noted, Bank did not timely file its Motion to Remand. Brader removed this matter on February 10, 2015. ECF No. 1. Bank did not file its Motion to Remand until April 3, 2015, well over 30 days later. By failing to timely file its Motion to Remand, Bank has waived its argument that Brader did not timely remove the action to this court.[11]

---

[11] Although Bank did not raise this argument, 28 U.S.C. § 1446(c) also provides that matters cannot be removed based on diversity jurisdiction "more than 1 year after the commencement of

Bank also argued removal was improper based on the requirement that a defendant who resides in the forum state cannot remove a matter based on diversity jurisdiction. ECF No. 22-1 at 3. *See* 28 U.S.C. § 1441(b)(2). Although Brader resides in South Carolina and could not remove this matter based on § 1441(b)(2), this, too, is a procedural defect that is waivable absent timely objection by Bank. *See Councell v. Homer Laughlin China Co.*, 823 F. Supp. 2d 370, 378 (N.D.W. Va. 2011) ("Although the United States Court of Appeals for the Fourth Circuit has yet to rule on this question, ten circuit courts have had occasion to address it. Of the ten circuits that have spoken on the issue, nine have found that removal by a forum-defendant is a procedural defect, and thus waivable.") (collecting cases). This argument against remand fails, as well.

Here, if the district judge finds the court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), the Bank has waived its procedural challenges to the removal by failing to file a timely remand motion. *See, e.g., Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F.3d 192, 198 (4th Cir. 2008) (28 U.S.C. § 1447(c) "effectively assigns *to the parties* the responsibility of policing non-jurisdictional questions regarding the propriety of removal, permitting them to assert a procedural defect or to waive the defect if they choose to remain in the federal forum") (emphasis in original); *Lunsford v. Cemex, Inc.,* 733 F. Supp. 2d 652, 658–59 (M.D.N.C. 2010) (when diversity and amount in controversy requirements are met and procedural defects are

---

the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Brader undoubtedly missed this one-year deadline, as well. Nonetheless, this deficiency, too, is procedural, and therefore waivable.

    Accordingly, that Brader did not remove within one year does not deprive the court of its diversity jurisdiction. *See, e.g., Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014) ("As Congress explained, the intent behind [the 2011 amendment to] § 1446(c)(1) was to clarify ambiguity in the case law concerning whether the one-year limitation in § 1446(c)(1) was jurisdictional or procedural. H.R. Rep. No. 112–10 at *15."). The undersigned is aware of no post-2011-amendment precedent (Fourth Circuit or otherwise) suggesting the one-year requirement is jurisdictional even when the bad-faith exception is not under consideration.

waived, federal jurisdiction exists). Accordingly, these arguments in support of remand are without merit. Consequently, if the court finds subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1332, then, remand is inappropriate because Bank has waived several procedural defects in Brader's removal.[12]

B.  Defendant's Motion for Summary Judgment, ECF No. 35

On August 10, 2015, Brader filed a "Motion for Summary Judgment." ECF No. 35. Although his argument is not detailed, it seems Brader seeks "summary judgment" pursuant to Rule 19a(1) and "possibly dismissal as rule of law" based on Bank's "failure to join Ocwen Loan Servicing," which Brader describes as an "indispensable third party without whom a fair remedy cannot be reached." *Id.* In support of this Motion, Plaintiff proffers a letter from Ocwen regarding a potential "'Dual Track' [] modification in parallel with this foreclosure," which Brader indicates is not permitted. ECF Nos. 35-1, 35-2. Brader submits Ocwen has breached "the contract with the Federal Government." ECF No. 35-1.

Bank opposes Brader's Motion for several reasons. First, Bank submits the Motion is premature because there is a pending Motion to Remand and because it is entitled to complete discovery before responding to Brader's argument. ECF No. 38. Bank also submits the letter Brader provided is not properly considered herein and that Brader has not explained coherent reasons he is currently entitled to judgment as a matter of law. *Id.*

In reply, Brader disagrees, indicating the court should consider the evidence he submitted and again setting forth arguments concerning why Ocwen is an indispensable party to this

---

[12] Bank has not raised whether any federal abstention doctrine might impact the court's exercise of its jurisdiction herein, nor does the undersigned analyze that issue in detail sua sponte at this juncture. *Cf. Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976) (noting court may raise abstention sua sponte).

litigation. ECF No. 40. Interestingly, Brader characterizes this matter as having "an integrated counter suit, a suit that will be made separately in Federal Court." ECF No. 40 at 1. Brader submits the failure to add Ocwen "creates the need for a second suit." *Id.*

The purpose of a motion for summary judgment is for the court to grant judgment without the need for a trial as to matters properly before the court when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, Brader simply has not done this. In his Motion (and in his Notice of Removal) he seems to set forth various factual and legal reasons Bank should not be afforded the relief it seeks in the foreclosure Complaint, expressly noting his interest in raising additional claims or defenses.

As an initial matter, and as noted above, Brader's statements and arguments made in his removal papers and in his Motion for Summary Judgment are not pleadings and have not properly placed any issues before the court other than those raised by Bank in its foreclosure Complaint. If Brader filed any pleading in response to Bank's 2012 Complaint, he has not provided copies of such documents to this court upon removal. In other words, this litigation currently includes only the matters raised by Bank's 2012 foreclosure action and any responsive pleadings Brader may have provided to the Horry County Court of Common Pleas. (As noted above, the record before this court does not include any answer, counter-claim, or other responsive pleading submitted by Brader.) Stated differently, this litigation does not currently include "an integrated counter suit." Similarly, Brader's providing a letter from Ocwen as an exhibit to his Motion does not make that letter "evidence" to be considered at this juncture.

The undersigned recommends that Brader's Motion for Summary Judgment be denied without prejudice to his filing another summary judgment motion at an appropriate juncture. As

noted above, the issues Brader discusses in his Motion for Summary Judgment—including his apparent desire to add another party—are not part of this foreclosure litigation. Accordingly, Brader cannot conceivably satisfy his burden of demonstrating that no factual issues exist or that he is entitled to any sort of judgment as a matter of law.

Brader's Motion for Summary Judgment, ECF No. 35, should be dismissed without prejudice.

### C.  Additional Deadlines

The undersigned has granted Bank's request to hold deadlines in the court's Conference and Scheduling Order, ECF No. 19, in abeyance pending the district court's ruling on the Motion to Remand. Subsequent to that ruling, additional scheduling deadlines will be provided to the parties as appropriate.

### III.  Conclusion

For the foregoing reasons, it is recommended that Plaintiff's Motion to Remand, ECF No. 22, be granted and this matter returned to the Court of Common Pleas for Horry County. Alternatively, if the remand motion is denied, it is further recommended that Defendant's Motion for Summary Judgment, ECF No. 35, be denied without prejudice.

IT IS SO RECOMMENDED.

October 28, 2015                                             Kaymani D. West
Florence, South Carolina                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**