UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Deutsche Bank National Trust Company, *as Trustee under Pooling and Servicing Agreement dated as of January 1, 2007 securitized asset-backed receivables LLC Trust 2007-HEI*, | Civil Action No.: 4:15-cv-00600-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Todd Brader and Mortgage Electronic Registration Systems, Inc., *as nominee for WMC Mortgage Corp., its successors, and assigns (MIN #1001363000117035336)*, | |
| Defendants. | |

Plaintiff Deutsche Bank National Trust Company ("the Bank") commenced this mortgage foreclosure action against Defendants Todd Brader ("Brader") and Mortgage Electronic Registration Systems, Inc. ("MERS") in state court, but Brader—who is proceeding pro se—subsequently removed the action to federal court. *See* Complaint, ECF No. 1-1; Notice of Removal, ECF No. 1. The Bank has filed a motion to remand, and Brader has filed a motion for summary judgment. *See* ECF Nos. 22 & 35. United States Magistrate Judge Kaymani D. West has issued a Report and Recommendation ("R & R") recommending the Court (1) grant the Bank's motion to remand and (2) deny Brader's motion for summary judgment.[1] *See* R & R, ECF No. 45. For the reasons stated below, the Court remands this case to state court.

---

[1] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the Clerk of Court automatically referred and assigned this case to the Magistrate Judge for pretrial handling. The Court remains mindful of its duty to liberally construe the filings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating "[a] document filed *pro se* is 'to be liberally construed'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

**Background**

The R & R contains a comprehensive recitation of the procedural history and facts of this case. *See* R & R at 1-4. For the purpose of this order, the Court provides a brief summary below.

In 2006, Brader executed in favor of MERS a note and mortgage in the amount of $112,000 encumbering real estate located in Loris, South Carolina. Complaint at ¶¶ 7-8. MERS assigned its rights to the Bank in 2008, and Brader defaulted on the mortgage in 2009. *Id.* at ¶¶ 9-11. On December 31, 2012, the Bank instituted a foreclosure action against Brader and MERS by filing a summons, complaint, and lis pendens in the Court of Common Pleas for Horry County, South Carolina. *See* ECF No. 1-1. On January 13, 2015, the Bank served on Brader a notice of hearing stating the master-in-equity would hold a foreclosure hearing on February 12, 2015. *See* ECF No. 1-2. On February 10, 2015—two days before the scheduled hearing—Brader filed a notice of removal in this Court. *See* ECF No. 1. On April 3, 2015, the Bank filed a motion to remand. *See* ECF No. 22. Brader filed a motion for summary judgment on August 10, 2015. *See* ECF No. 35. The Magistrate Judge issued her R & R on October 28, 2015; Brader filed timely objections and the Bank filed a reply. *See* ECF Nos. 45, 47, & 49.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error In the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## Discussion

**I.    The Bank's Motion to Remand**

The Magistrate Judge recommends granting the Bank's motion to remand on the basis that the Court lacks subject matter jurisdiction—both federal question and diversity of citizenship—over this action. R & R at 5-14. First, the Magistrate Judge has determined federal question jurisdiction is not present in this case because, applying the well-pleaded complaint rule, the claims in the Bank's complaint do not arise under federal law. *Id.* at 5-8. Second, the Magistrate Judge has concluded Brader's notice of removal does not contain sufficient allegations detailing either citizenship or the amount in controversy, and thus Brader has not met his burden to establish the existence of diversity jurisdiction.[2] *Id.* at 8-11. Brader objects to the Magistrate Judge's findings. *See* Def.'s Objs. at 2-4.

---

[2]     The Magistrate Judge further found that because the Bank failed to file a timely motion to remand, the Bank waived any challenge to defects in the removal procedure, namely its arguments (1) that Brader's notice of removal was untimely and (2) that Brader could not remove this case because he—a forum defendant—resides in South Carolina. R & R at 11-13; *see Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198 (4th Cir. 2008) ("[A] district court is prohibited from remanding a case *sua sponte* based on a procedural defect absent a motion to do so from a party."); *Councell v. Homer Laughlin China Co.*, 823 F. Supp. 2d 370, 378 (N.D.W. Va. 2011) ("Any remand motion pointing to a procedural defect that is filed more than 30 days after removal is deemed waived and must be denied." (discussing 28 U.S.C. § 1447(c)); *id.* (holding "removal by a forum defendant is a procedural defect, and

3

In his first objection, Brader asserts the Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331[3] because "the State Court foreclosure is a clear Federal Question for United States District Court of South Carolina." Def.'s Objs. at 2. The Court summarily overrules this objection for the same reason explained in the R & R: the Bank's complaint, on its face, presents no question of federal law that would afford the Court jurisdiction over this foreclosure action brought under South Carolina state law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *CitiMortgage, Inc. v. Corbitt*, No. 5:15-CV-00100-JMC, 2015 WL 545336, at *3 (D.S.C. Feb. 10, 2015) ("In the present case, [the defendant] seeks to remove a state law foreclosure action. However, no federal jurisdiction exists over a complaint 'which merely states a cause of action for enforcement of a promissory note and foreclosure of the associated security interest in real property.'" (quoting *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006))). Moreover, to the extent Brader attempts to raise a defense based on a federal constitutional provision or federal statute, such a defense to the foreclosure action does not confer jurisdiction upon the Court. *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) ("Under what has become known as the well-pleaded complaint rule, § 1331 federal question jurisdiction is limited to actions in which the plaintiff's well-pleaded complaint raises an issue of federal law; actions in which

---

thus waivable"); *PHH Mortgage Corp. v. Singletary*, No. CA 2:12-2916-MBS-BHH, 2012 WL 6761336, at *2 (D.S.C. Dec. 7, 2012) (stating an untimely notice of removal is a procedural defect that can be waived by failing to file a timely motion to remand), *report and recommendation adopted*, No. CA 2:12-2916-MBS, 2013 WL 30148 (D.S.C. Jan. 3, 2013).

[3]     Section 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question. In other words, a defendant may not defend his way into federal court because a federal defense does not create a federal question under § 1331." (internal citation omitted)).

Brader's second and third objections relate to the Magistrate Judge's finding that Brader has not met his burden to establish the existence of diversity jurisdiction under 28 U.S.C. § 1332.[4] *See* Def.'s Objs. at 2-4. In his second objection, which relates to the citizenship requirement of diversity jurisdiction, Brader cites several court filings and argues he has sufficiently demonstrated he is a citizen of South Carolina. *Id.* at 3. Although the Magistrate Judge initially notes in the R & R that Brader did not set forth any information detailing his citizenship in the notice of removal, she goes on to conclude that his citizenship can be ascertained from other documents in the record, such as a letter he filed with his notice of removal. R & R at 9-10; *see* ECF No. 1-3 (Brader's letter). In light of the Magistrate Judge's finding, as well as its duty to liberally construe the filings of pro se litigants such as Brader, the Court would agree with Brader (and the Magistrate Judge) that the record arguably contains information sufficient to demonstrate his South Carolina citizenship.[5] Nevertheless, the Court cannot conclude that Brader has met his burden to demonstrate the existence of complete diversity of *all* parties because, as the Magistrate Judge points out, neither the notice of removal nor the remainder of the record contains adequate information establishing the citizenship of MERS, the other named defendant in this case.

Brader does not challenge the Magistrate Judge's finding that he failed to provide sufficient information as to MERS's citizenship. The Court reiterates it need not give any explanation for

---

[4] Section 1332 confers jurisdiction upon a federal district court when complete diversity exists between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

[5] The record also contains information sufficient to demonstrate the Bank's New York citizenship. Brader alleges in his notice of removal that the Bank is a corporation organized under the laws of the State of New York with its principal place of business located in New York, New York. *See* ECF No. 1 at 3.

5

adopting the Magistrate Judge's finding absent a *specific* objection, and that review in such a circumstance is only for clear error. *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199-200. Regardless, the Court has conducted a de novo review of the record out of an abundance of caution and agrees with the Magistrate Judge that Brader, the removing party, has failed to meet his burden to establish MERS's citizenship. *See Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (stating the party seeking to remove a case to federal court has the burden of establishing federal jurisdiction). Neither the notice of removal nor any other documents in the record provide the Court sufficient and reliable guidance as to the citizenship of MERS, which is a corporate defendant named in the Bank's foreclosure action.[6] Brader's failure to allege MERS's state of incorporation and state of its principal place of business is fatal to his attempt to remove this case to federal court on the basis of diversity jurisdiction. *See Pittsburgh Terminal Corp. v. Mid Allegheny Corp.*, 831 F.2d 522, 530 (4th Cir. 1987) ("For purposes of diversity jurisdiction, a corporation is considered a citizen of the chartering State, as well as the State of its principal place of business." (citing 28 U.S.C. § 1332(c)). The Court cannot confirm the existence of complete diversity without knowledge of *each and every* party's place of citizenship. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) ("28 U.S.C. § 1332(a) . . . applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant). Here, the Court knows Brader's and the Bank's places of citizenship—South Carolina and New York, respectively—but not MERS's. As a result, the Court cannot properly exercise

---

[6] Indeed, as the Magistrate Judge noted, the only information in the record giving any guidance as to MERS's geographical location is a notice of hearing (of the February 12, 2015 foreclosure hearing before the master-in-equity) that the Bank mailed to an Illinois address. R & R at 10; *see* ECF No. 1-2 at 5 (letter to MERS). The mere fact that MERS received a single mailing in Illinois does not automatically mean MERS is an Illinois citizen, nor does it provide the Court sufficient information to definitively ascertain MERS's state of incorporation or principal place of business. *See generally* 28 U.S.C. § 1332(c)(1) (providing that a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

diversity jurisdiction over this case, and therefore adopts the Magistrate Judge's recommendation to remand this case to state court.[7] *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Lewis*, 519 U.S. at 69 (discussing § 1447(c) and explaining the thirty-day time limit for filing a motion to remand does not apply to jurisdictional defects such as lack of subject matter jurisdiction).

## II.    Brader's Motion for Summary Judgment

Brader's final objection challenges the Magistrate Judge's discussion of his motion for summary judgment and alternative recommendation to deny the motion without prejudice. Def.'s Objs. at 4-5; *see* R & R at 14-16. Because the Court is granting the Bank's motion to remand and adopting the Magistrate Judge's recommendation to do so, the Court will deny Brader's summary judgment motion as moot.

## **Conclusion**

The Court has conducted a thorough review of the entire record, including Brader's objections, the Magistrate Judge's R & R, the Bank's motion to remand, Brader's motion for summary judgment, and Brader's notice of removal and related filings. *See* ECF Nos. 1, 22, 35, 45, & 47. For the reasons stated in this order and in the R & R, the Court overrules Brader's objections, discerns no error in the Magistrate Judge's findings and recommendations, and adopts and incorporates the R & R [ECF No. 45] by reference.

**IT IS THEREFORE ORDERED** that the Bank's motion to remand [ECF No. 22] is

---

[7] The Court need not consider Brader's third objection, which concerns the amount in controversy requirement of diversity jurisdiction. *See, e.g.*, *Bishop v. Liberty Mut. Ins. Co.*, No. 2:15-CV-2076-PMD, 2015 WL 6163246, at *2 (D.S.C. Oct. 19, 2015) ("Defendant's failure to allege its state of incorporation and the state of its principal place of business is fatal to its attempt to remove the present action. Accordingly, the [c]ourt need not address the amount in controversy.").

**GRANTED**, that Brader's motion for summary judgment [ECF No. 35] is **DENIED AS MOOT**, and that this case is **REMANDED** to the Court of Common Pleas for Horry County, South Carolina, for further proceedings. The Court **DIRECTS** the Clerk of this Court to mail a certified copy of this order of remand to the Clerk of Court for the Horry County Court of Common Pleas.

    **IT IS SO ORDERED.**


Florence, South Carolina                                            s/ R. Bryan Harwell
January 20, 2016                                                  R. Bryan Harwell
                                                                                                                     United States District Judge